UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESA MCCOY,

        Petitioner,               Case Number: 14-13643
                                                  HON. AVERN COHN

v.

MILLICENT WARREN,

        Respondent.
_____/

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This is a _pro se_ habeas case under 28 U.S.C. § 2254. Petitioner Teresa McCoy (Petitioner) is an inmate at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan serving a custody term following jury convictions on three counts of delivery of less than 50 grams of heroin, and three counts of conspiracy to deliver less than 50 grams of heroin. Respondent, through the Attorney General's office, filed a response, arguing that portions of Petitioner's claims are procedurally defaulted and all are without merit. For the reasons which follow, the petition will be denied.

**II. Background**

**A. Facts**

The Michigan Court of Appeals summarized the evidence adduced at trial leading to Petitioner's conviction as follows:

> The incidents that led to defendant's convictions occurred on March 9, 14, and 17, 2011. On each of these dates, a confidential informant (CI)

> working with the Michigan State Police "OMNI-3" Narcotics Unit, arranged to purchase heroin from defendant over the telephone. The CI then met with a friend of defendant's to purchase the heroin using prerecorded Michigan State Police buy funds, and later gave the heroin to a Michigan State Police trooper. A member of the "OMNI–3" Narcotics Unit listened in on at least two of these telephone calls and recognized defendant's voice. He also observed that the telephone number from which the calls were placed belonged to defendant. Other members of the "OMNI-3" Narcotics Unit observed the purchases. The vehicle in which defendant was riding was stopped after the March 17 incident and $100 of the prerecorded Michigan State Police money used to purchase the heroin was found in the wallet of defendant's then boyfriend.
>
> Defendant was also charged with and acquitted of another count of delivery of less than 50 grams of heroin with regard to a May 11, 2011 incident. On that date, a different CI arranged to purchase heroin from defendant in the presence of an "OMNI-3" Narcotics Unit member, met with a friend of defendant's at a local gas station and purchased the heroin, and then gave the heroin to a Michigan State Police trooper.

People v. McCoy, No. 310786, 2013 WL 4081211, *1 (Mich. Ct. App. Aug. 13, 2013).

## B. Procedural History

Petitioner was convicted of three counts of delivery of less than 50 grams of heroin and three counts of conspiracy to deliver less than 50 grams of heroin. She was sentenced to 46 to 480 months' imprisonment for each of the delivery convictions, and 23 to 240 months' imprisonment for each of the conspiracy convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising these claims: (i) denied right to fair trial by prosecution's failure to produce a res gestae witness and trial court's failure to give a missing witness instruction; counsel was ineffective in failing to request instruction and failing to object; and (ii) unrelated drug charges should have been severed. The Michigan Court of Appeals affirmed Petitioner's convictions. People v. McCoy, supra. Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the

Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. McCoy, 495 Mich. 917 (2013).

Petitioner then filed the pending habeas petition. She raises these claims:

I. Ms. McCoy was denied her state and federal constitutional rights to due process and compulsory process by the prosecution's failure to produce a res gestae witness, and the trial court should have given CJI2d 5.12; further defense counsel performed ineffectively by failing to request CJI2d 5.12 and by failing to object.

II. Ms. McCoy was entitled to separate trials on the unrelated drug charges and the trial court reversibly erred by denying her motion to sever the charges.

### III. Standard

Petitioner's claims are reviewed under 28 U.S.C. § 2254(d) which provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam), quoting Williams v. Taylor,

529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003), quoting Williams, 529 U.S. at 413. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 102-03 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. See Williams, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme

4

Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003); Dickens v. Jones, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Discussion

### A. Res Gestae Witness

**1.**

Petitioner's first habeas claim concerns the prosecution's failure to produce a res gestae witness, Derek Lawson. Lawson was the confidential informant who purchased drugs from Petitioner. Lawson apparently agreed to testify at trial in exchange for leniency in another criminal matter. Attempts were made to serve Lawson with a subpoena; however, Lawson was apparently not served and did not appear at trial. The trial court found that the prosecutor did not exercise due diligence in locating Lawson but trial counsel did not pursue the issue. On appeal, the Michigan Court of Appeals

found no error, noting that trial counsel did not ask for a missing witness instruction.

Petitioner says that the failure to produce Lawson violated her rights to due process and compulsory process. She also argues that her trial counsel was ineffective in failing to request a missing witness instruction and in failing to object to the trial court's failure to give this instruction.

**2.**

The state-law requirement that prosecutors produce res gestae witnesses is outside the scope of federal habeas review. Collier v. Lafler, No. 09-1477, 2011 1211465, *4 (6th Cir. March 30, 2011). See also Atkins v. Foltz, No. 87–1341, 1988 WL 87710, at *2 (6th Cir. Aug. 24, 1988) (per curiam) ("[A]lthough Michigan law requires the production of all res gestae witnesses, [federal] court cannot hear state claims on petition for writ of habeas corpus . . ." (internal citation omitted)). Thus, Petitioner cannot obtain habeas relief on the grounds that the prosecutor failed to produce a res gestae witness.

**3.**

As to Petitioner's constitutional based claim, the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to...have compulsory process for obtaining witnesses in his favor...." U.S. Const. amend. VI. However, "more than mere absence of testimony is necessary to establish a violation of the right" to compulsory process. United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). A violation of this right occurs "when the defendant was arbitrarily deprived of 'testimony [that] would have been relevant and material, and...vital to the defense.'" Id. (quoting Washington v. Texas, 388 U.S. 14, 16 (1967)). Petitioner "must at least make some

plausible showing of how [the excluded] testimony would have been both material and favorable to his defense." Id.

Here, Petitioner fails to make any showing that Lawson's testimony would have been favorable to her defense. His testimony at the preliminary examination that he arraigned to buy heroin from McCoy on several occasions, was detrimental to Petitioner's defense. There is not basis for arguing that Lawson's trial testimony would have been different from or more favorable than his preliminary examination testimony. Petitioner has failed to show a violation of her right to compulsory process.

**4.**

Petitioner also argues that her attorney was ineffective in failing to object to the absence of a missing witness instruction and failing to request such an instruction. Petitioner argues that her attorney should have requested CJI 2d 5.12, which states that a jury may infer that a missing prosecution witness's testimony would have been unfavorable to the prosecution's case.

To establish that ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." Id. at 689.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Id. at 694. A court's review of counsel's performance must be "highly deferential." Id. at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by Strickland. Knowles v. Mirzayance, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." Id. at 123 (internal quotation omitted).

The Michigan Court of Appeals, after citing the Strickland standard, denied Petitioner's ineffective assistance of counsel claim, stating, in relevant part:

> Defendant cannot demonstrate that her counsel's performance in failing to request a missing witness instruction fell below an objective standard of reasonableness because, even assuming that defendant was entitled to such an instruction, defendant cannot show that it was contrary to sound trial strategy for defense counsel to remain silent with regard to this issue. Because of the testimony offered by the CI at the preliminary examination, defense counsel was aware that the CI's testimony would not be favorable to defendant. If defendant had objected to the CI's absence or requested a missing witness instruction, the trial court may have ordered that further efforts be made to locate the CI, which would have been contrary to defendant's interests. Therefore, defendant has not overcome the strong presumption that it was reasonable trial strategy for defense counsel to avoid any course of action that would have increased the likelihood that the CI would be made to appear. More importantly, defendant cannot demonstrate that, but for counsel's failure to request a missing witness instruction, the result of the trial would have been different. There was overwhelming evidence of guilt, including the testimony of two witnesses who delivered heroin for defendant.

McCoy, 2013 WL 4081211 at *3.

The state court's rationale gives a valid reason for trial counsel's failure to request a missing witness instruction. Even assuming trial counsel failed the first

8

Strickland prong, the Michigan Court of Appeals concluded that Petitioner was not prejudiced because the outcome would not have been different and there is no reasonable to suggest otherwise. The Michigan Court of Appeals' denial of Petitioner's ineffective assistance of counsel claims was neither contrary to nor an unreasonable application of Strickland.

### B. Trial Court's Denial of Motion to Sever

**1.**

Petitioner's second claim for habeas relief concerns the trial court's denial of her motion to sever. She argues that she should have been afforded a separate trial for the May incident (of which she was ultimately acquitted). Petitioner says that each drug transaction was a separate incident and not part of any single plan or scheme. Petitioner says that she was prejudiced by the joinder because the same jury heard evidence of multiple but distinct drug transactions.

**2.**

Improper joinder does not violate the Constitution unless "it results in prejudice so great as to deny a defendant his ... right to a fair trial." United States v. Lane, 474 U.S. 438, 446 n.8 (1986). The issue "is not whether the failure to sever counts for separate trials was a violation of a state rule of procedure, but whether the failure to sever denied the petitioner due process of law under the Fourteenth Amendment." Davis v. Coyle, 475 F.3d 761, 777 (6th Cir. 2007). To establish prejudice from joinder, a defendant must point to specific evidence that the joinder was prejudicial. United States v. Saadey, 393 F.3d 669, 678 (6th Cir. 2005). "[A]n unproven assertion is not compelling

9

evidence of actual prejudice." Id. at 679. A jury is presumed capable of considering each criminal count separately and any prejudice arising from trial of joined offenses may be cured by limiting instructions. United States v. Cope, 312 F.3d 757, 781 (6th Cir. 2002). "Error based on misjoinder is almost always harmless where...the trial court issues a careful limiting instruction to the jury on the issue of possible prejudice resulting from the joinder." United States v. Cody, 498 F.3d 582, 587 (6th Cir. 2007).

Petitioner was not denied her right to a fair trial by the joinder of the charges. The Michigan Court of Appeals held that the charges were properly joined because the evidence showed that Petitioner was engaged in a single scheme or plan, the trafficking of heroin, and used the same manner to set up and execute the sale of heroin in each of these instances. The Michigan Court of Appeals explained:

> The March incidents and the alleged May incident were related because during both defendant (1) used text messages to se up the sale, (2) sent other individuals to make the delivery at a preplanned location, (3) was engaged in the sale and packaging of heroin.

McCoy, 2013 WL 4081211 at *4. This is a reasonable conclusion in light of the facts. Indeed, the drug transactions shared common elements. That Petitioner was acquitted on one incident does not establish that she was prejudiced by the joinder of all the incidents. As such, Petitioner's due process rights were not violated by the judge's denial of Petitioner's motion for severance. Petitioner is not entitled to habeas relief on this claim.

## V. Conclusion

For the reasons above, Petitioner's petition for a writ of habeas corpus is

DENIED. Further, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, if Petitioner chooses to appeal the Court's decision, she may proceed in forma pauperis on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

    SO ORDERED.

                                     S/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE

Dated: August 9, 2016
       Detroit, Michigan